## GIDDINGS and others *vs.* EASTMAN and others.

A compromise of a suit made by the parties to the record, will be sufficient to terminate the suit according to the terms of the compromise, even though it appears therefrom that another person, not a party to the record, has an interest in the subject matter of the suit.

Especially if it also appear that such third person acquired such interest in the subject matter of the suit, by an agreement which would be void in this state under our statute of champerty and maintenance.

An agreement, made in Ohio, in relation to lands lying in this state, void by the statute of this state, in relation to champerty and maintenance, cannot be enforced here.

In relation to such agreements, the *lex loci rei sitæ* governs.

The bill in this cause was filed more than twelve years since, to foreclose a mortgage upon lands in the possession of the defendant claiming title. An injunction was allowed at the commencement of the litigation. One of the complainants has since died, and the defendant has entered into a deed of compromise in relation to this suit with the surviving complainant and the representatives of the deceased complainant. This instrument refers to an agreement made between the complainants and one Nathan Townsend, previous to the commencement of this suit. Such agreement was made in Ohio, and relates to the lands which are the subject matter of this suit, by which Townsend was to have the greatest portion of the benefit arising from the recovery of the land, in case the litigation in relation thereto was attended with success. The lands are situate in this state, and proceedings were commenced for their recovery in this court in the name of the complainants. The defendants now present a petition stating

June, 1839.

Giddings
and others
v.
Eastman
and others.

these facts, and other facts appearing in the Vice Chancellor's opinion, and moves to dissolve the injunction, and that the complainants' bill be dismissed.

*D. H. Chandler*, for complainants.

*I. R. Elwood*, for defendants.

THE VICE CHANCELLOR. The parties in this suit have waded through twelve years of litigation in this court. One of the complainants is dead, and the defendant, Eastman, has undertaken to compromise the suit with the complainants. He has entered into a deed of composition or release with the surviving complainant, and the representatives of the deceased complainant. This instrument is attached to his petition. From this instrument, it now appears that one Nathan Townsend commenced this suit originally in this court, in the name of the complainant, by virtue of an agreement previously entered into between Townsend and the complainants, which is also set forth at length in the deed of compromise or release. By said instrument, executed between the complainants and Eastman, the complainants release to said Eastman, all right, title, and interest, legal and equitable, in said mortgaged premises, (the subject matter of this suit,) or in the decree made in this cause, or in the said suit, adding that " this assignment is made with the express understanding, that the legal and equitable interests, rights, and liabilities of said Nathan Townsend, are to be and remain unaffected by these releases and discharges." This agreement had previously set forth the agreement between Townsend and the complainants, and provided as above, that his rights thereunder should be unaffected by the agreement. The defendant was

thus informed what the legal and equitable rights of Townsend were. This is the first time, so far as appears, that the court, or the parties defendants, knew that any others, than the parties to the record, were interested in the suit. The parties on record have settled the subject matter of the litigation, by the assignment of all interest therein, by the complainants, to the defendant. This is, in ordinary cases, a competent compromise, and should terminate the litigation. But Townsend says that the very terms of the release disclose his interest in the matter, and that the suit should be kept alive for his benefit. He says that an allowance of his claim is a necessary condition to the discontinuance of the suit. The deed of conveyance might, doubtless, have used such language. If it had said that this shall not be deemed a valid release or assignment, until Townsend's claim shall be arranged, or his rights, as expressed in the above instrument, recognised, the deed of compromise might have had a different effect from what I now deem it to have. It now merely informs the defendants of what Townsend's rights and interests are, and declares that they shall remain unaffected by the release. The release seems to be sufficient and ample of itself, but renders the defendants liable to Townsend's legal and equitable rights, of which rights it gives the defendants notice. I am not prepared to say if their rights were such as were capable of being enforced in this court, but this instrument would be a good discharge of this suit. But when we look at the paper conferring upon him the right he claims, we find that his claim is void under the statute then in existence. The agreement between him and the complainants, was void under

June, 1839.
Giddings
and others
v.
Eastman
and others.

the then existing statute of champerty and mainte- nance. Even though this agreement was made in Ohio, the lands lying in this state, the *lex loci rei sitæ* must prevail and govern the effect of the contract. It is undoubtedly because Townsend supposed this agreement to be void, that his name was not used as complainant in the first place. It does not, at any rate, seem hardly proper, after the parties to the re- cord have adjusted their litigation, to keep it alive for the benefit of a person situated in relation to the controversy as Townsend appears to be. As no advantage can accrue to either of the parties to the record by the further prosecution of this suit, I shall direct that the injunction be wholly dissolved, and the suit be adjudged to be discontinued; but inas- much as the agreement provides that the complain- ants shall not be liable for any part of the costs, this order must be on payment of the costs of this suit by the defendants to the complainants, to be taxed.

NOTE.—The decision in this case was affirmed on appeal to the Chancellor.